IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLUE TIP LIBERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-1119-JAR |
| | ) | |
| COLT ENERGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This case comes before the Court on Defendant's Motion to Compel Arbitration and Stay All Proceedings (Doc. 4). Plaintiff Blue Tip Liberty, LLC ("Blue Tip")[1] initiated this action by filing its Complaint for Declaratory Judgment, seeking a declaratory judgment interpreting the parties' August 29, 2008 Joint Operating Agreement ("JOA"), based on a dispute and controversy about the interpretation of provisions of the JOA.[2] Defendant argues that an arbitration clause in a separate agreement requires arbitration of the dispute in this case. The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court denies Defendant's motion to compel arbitration.

**I.      Background**

Defendant Colt Energy, Inc. ("Colt") filed a motion to compel arbitration, arguing that the parties' August 29, 2008 Purchase and Sale Agreement ("PSA") contains an arbitration provision. Pursuant to the PSA, Blue Tip purchased half of Colt's interest in oil and natural gas

---

[1]Although the agreements were actually entered into by Plaintiff's predecessor in interest, Blue Tip Missouri Energy, Inc., neither party disputes that Blue Tip Missouri Energy, Inc. has assigned and conveyed its rights and ownership interests to Plaintiff.

[2]Doc. 1.

properties in Kansas and Missouri and natural gas gathering facilities in Kansas, and the parties agreed to jointly explore, develop, produce and sell oil and natural gas in interstate commerce from those properties.  The PSA contained a provision that allowed Colt to remain as the operator of the oil and gas properties subject to the direction of a Joint Operating Committee and in accordance with the terms and conditions contained in the JOA, which was attached as an exhibit to the PSA and became effective on the same date.

Blue Tip alleges in the Complaint that the JOA required unanimous approval of the 2014 budget by October 30, 2013, in order for Colt to incur costs to drill wells and make unilateral changes not approved in an annual budget to certain oil and gas properties.  Blue Tip alleges that Colt has threatened to drill four additional wells and has incurred significant other expenses even though Blue Tip has not approved the 2014 budget.  Blue Tip seeks declarations that Colt is not authorized under the parties' JOA to drill additional wells or incur expenditures for discretionary improvements until after such time that a budget is unanimously approved by the parties.

Although the JOA does not contain an arbitration clause, Article 11 of the PSA contains the following arbitration provision: "Any dispute or matter arising under this Agreement shall be resolved in the following manner:  (a) In the event of a dispute between the Parties, either Party shall first submit a complaint in writing to the other Party."[3]  The provision further sets forth a procedure for filing a written complaint to the other party and if the complaint is not resolved then either party may submit their complaint to a mediator, and after mediation "either Party may submit the complaint for arbitration."[4]  The PSA further provides that "[i]n the event either Party

---

[3]Doc. 9, PSA, Article 11.1 (filed under seal).

[4]*Id*. at Article 11.1(a) – (e).

elects arbitration, the Party that elects arbitration shall give notice to the other Party . . . [and] the matter in dispute shall be determined by arbitration upon the written request by either Party."[5] "Agreement" is defined in the PSA as "[t]his Purchase and Sale Agreement."[6]

## II.    Governing Law

Where, as in this case, the parties agree that an enforceable agreement to arbitrate disputes exists between them, the Court must determine the scope of that agreement and determine whether the claims at issue fall within its scope.[7]  The Supreme Court has "long recognized and enforced a 'liberal federal policy favoring arbitration agreements'" and under this policy "'doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"[8]  When a contract contains an arbitration provision, "a presumption of arbitrability arises," particularly if the clause is broad.[9]  This presumption is overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[10]

"Summary-judgment-like motions practice may be a permissible and expedient way to resolve arbitrability questions when it's clear no material disputes of fact exist and only legal questions remain."[11]  The Court will "decide the arbitration question as a matter of law through

---

[5]*Id*. at Article 11.1(e).

[6]*Id.* at p. 1, ¶ 1.

[7]*Nat'l Am. Ins. Co. v. SCOR Reins. Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004).

[8]*Id*. (citations omitted).

[9]*ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citations omitted).

[10]*Id*. (citation omitted).

[11]*Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 984 (10th Cir. 2014).

motions practice and viewing the facts in the light most favorable to the party opposing arbitration."[12]  Neither party alleges that material facts are in dispute in this case.[13]

## III.   Discussion

The issue in this case is whether or not the arbitration provision in the PSA applies to a dispute arising under the JOA, which was an exhibit to the PSA and executed at the same time. Colt argues that the arbitration provision in the PSA is broad enough to cover all disputes between the parties and that the arbitration clause applies to all of the agreements that were exhibits to the PSA.  Colt argues that either the JOA was part of the PSA, or the two were "sufficiently related."  Blue Tip does not deny the existence or enforceability of the arbitration clause in the PSA, but argues that the dispute at issue solely arises from the JOA, which is a separate, independent agreement from the PSA.  Blue Tip argues that its claim for declaratory judgment arises solely from the interpretation of Article XVI.A. of the JOA, and that the Complaint does not reference the PSA.

The Tenth Circuit has rejected the notion that disputes arising out of an agreement lacking an arbitration clause are *ipso facto* not subject to the arbitration clause of a related agreement.[14]  The Court in *Consolidated Brokers Insurance Services, Inc. v. Pan-American Assurance Company*, looked at several cases dealing with the issue presented when there are two

---

[12]*Id.* at 978 (citation omitted); *see also Patrick Higgins & Co. v. Brooke Corp.*, Case No. 06-4111-JAR, 2007 WL 2317123, *1 n.2 (D. Kan. Aug. 9, 2007) (citing *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 300 F. Supp. 2d 1107, 1116 (D. Kan. 2003) (stating that in the context of motions to compel arbitration, courts should apply a standard similar to that applicable in a summary judgment motion)).

[13]*See Brennan v. Global Safety Labs, Inc.*, Case No. 07-CV-0546-CVE-PJC, 2008 WL 2234830, *6 (N.D. Okla. May 29, 2008) (where plaintiff did not contend that the agreements with arbitration provisions were invalid, but rather challenged the scope of those agreements—*i.e.*, whether they were broad enough to encompass the dispute, there was no genuine issue of material fact.).

[14]*Nat'l Am. Ins. Co. v. SCOR Reins. Co.*, 362 F.3d 1288, 1292 (10th Cir. 2004) (citation omitted).

agreements, one with an arbitration clause and one without.[15]  The court noted that in these

cases:

> the courts first examined the breadth of the arbitration clause.  If
> the court found the arbitration provision to be broad by purporting
> to cover all disputes "related to" the agreement, the court then
> evaluated whether the agreements were sufficiently related to
> justify compelling arbitration of all claims arising under the
> agreements.  In determining whether to compel arbitration of a
> dispute arising under an agreement lacking an arbitration clause
> when a related contract contains a broad arbitration clause that
> encompasses all matters in dispute, courts have considered the
> following specific factors: (1) whether the agreements incorporated
> or reference each other; (2) whether the agreements are dependent
> on each other or relate to the same subject matter; (3) whether the
> arbitration clause specifically excludes certain claims; (4) whether
> the agreements are executed closely in time and by the same
> parties.[16]

The Court must first determine the breadth of the arbitration clause in the PSA to

determine whether it is broad enough to cover all disputes between the parties.  The PSA's

arbitration clause applies to "[a]ny dispute or matter arising under this Agreement," with

"Agreement" being defined at "[t]his Purchase and Sale Agreement."  The Court finds that this

clause is distinguishable from those found to be sufficiently broad by other courts.  The Tenth

Circuit in *ARW Exploration Corp. v. Aguirre*, found the arbitration clause sufficiently broad

where it applied to "any matter in dispute."[17]  Likewise, in *National American Insurance Co. v.

SCOR Reinsurance Co.*, the Tenth Circuit found the clause requiring arbitration of  "[a]ny

---

[15]*Consolidated Brokers Ins. Servs., Inc. v. Pan-American Assurance Co.*, 427 F. Supp. 2d 1074, 1082 (D. Kan. 2006).

[16]*Id*. (internal footnotes omitted).

[17]*ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)

5

irreconcilable dispute between the parties to this Agreement" sufficiently broad.[18]  Other clauses found to be broad include "[a]ny issue, claim, dispute or controversy that may arise out of, in connection with or relating to the Franchise Agreement (including addenda) and/or the relationship of the parties";[19] "any irreconcilable dispute between the parties to this Agreement";[20] "unresolved dispute[s] by the parties to this Agreement";[21] and "any controversy or claim arising out of or relating to this Agreement."[22]

   The arbitration clause in the PSA is distinguishable from these clauses and is similar to the clause in *Germains Seed Technology, Inc. v. R&R Manufacturing, Inc.*, which provided for arbitration "[i]n the event of a dispute between [the parties] *arising out of this Agreement* which is not mutually resolved."[23]  The court in *Germains Seed* noted that the court in *Consolidated Brokers* distinguished the parties' choice-of-law provision, which referred to disputes arising between the parties "under this Contract."[24]  The court contrasted that language with the arbitration provision language, which stated that "any disputes between the parties shall be resolved by arbitration."[25]  The *Consolidated Brokers* court, in finding that the arbitration clause

---

[18]*Nat'l Am. Ins. Co. v. SCOR Reins. Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004).

[19]*Patrick Higgins & Co. v. Brooke Corp.*, Case No. 06-4111-JAR, 2007 WL 2317123, *3 (D. Kan. Aug. 9, 2007)

[20]*Armed Forces Ins. Co. v. Allenbrook, Inc.*, Case No. 00-2435-GTV, 2001 WL 699735, *3 (D. Kan. June 11, 2001).

[21]*Hildebrand v. Par Network, Inc.*, Case No. 09-2154-CM, 2009 WL 4508578, *3 (D. Kan. Dec. 1, 2009).

[22]*LDS, Inc. v. Metro Canada Logistics, Inc.*, 28 F. Supp. 2d 1297, 1301 (D. Kan. 1998).

[23]*Germains Seed Techn., Inc. v. R&R Mfg., Inc.*, Case No. 12-2737-CM, 2013 WL 978575, *4 (D. Kan. March 12, 2013) (emphasis in original).

[24]*Id*. (citing *Consolidated Brokers*, 427 F. Supp. at 1083).

[25]*Id*.

was broad enough to cover the dispute, noted that the arbitration clause contained no qualification that disputes must arise "under this Contract" like that covering the parties' choice-of-law.[26]

The court in *Germains Seed* found that the arbitration clause in that case, which referred to disputes "arising out of this Agreement" was distinguishable from the broad language in the cases cited above and held that it was not broad enough to cover plaintiff's claims brought under separate agreements that contained no arbitration clause. The court found that this provision was similar to the choice-of-law language distinguished by the court in *Consolidated Brokers*. The Court finds that the language in the PSA is likewise similar to that in *Germains Seed* and the choice-of-law provision in *Consolidated Brokers*.[27]

The Court finds that the arbitration clause in the PSA is not broad enough to cover Blue Tip's claims under the JOA. Even if it were, the Court is not convinced that the agreements are "sufficiently related to justify compelling arbitration of all claims arising under the agreements."[28] Although the JOA was an exhibit to the PSA, the agreements do not incorporate each other. Nor do they relate to the same subject matter. The PSA is an acquisition agreement executed for the purpose of transferring assets, while the JOA is intended as an ongoing agreement between the parties to govern their joint operations. The Complaint is based on the interpretation of an article in the JOA, and does not touch on any issue arising under the PSA.

---

[26]*Id*.

[27]*See Wilson v. Olathe Bank*, Case No. 97-2458-KHV, 1998 WL 596739, *1 (D. Kan. July 31, 1998) (noting that "restrictive" or "narrow" arbitration clauses reflect an intent to arbitrate only a limited range of disputes and that the phrase "arising under" is intended to cover only those disputes relating to the interpretation and performance of a contract.) (citation omitted).

[28]*Id*. at *5 (citing *Consolidated Brokers*, 427 F. Supp. 2d at 1082).

The JOA not only lacks an arbitration provision, but it also refers to the parties' ability to sue to collect defaulted amounts, bring legal proceedings to enforce any financial obligation, and collect court costs.[29]  The JOA attached to the PSA was modified with interlineations and strikeouts.  However, the provisions relating to judicial proceedings were not removed.[30]

In sum, the arbitration clause in the PSA is not broad enough to cover Blue Tip's claims, and even if it was, the agreements are not sufficiently related to covers Blue Tip's claim under the JOA.  The Court therefore denies Colt's motion to compel arbitration.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Compel Arbitration and to Stay All Proceedings (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>November 17, 2014</u>

<u> S/ Julie A. Robinson </u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[29]*See* Doc. 9, JOA (filed under seal):  Art. VII.D.2 ("2.  <u>Suit for Damages:</u>  Non-defaulting parties or Operator for the benefit of non-defaulting parties may sue (as joint account expense) to collect the amounts in default . . . Nothing herein shall prevent any party from suing any defaulting party to collect consequential damages accruing to such party as a result of the default."); Art. VII.D.5 ("5.  <u>Costs and Attorneys' Fees:</u>  In the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court costs, costs of collection, and a reasonable attorney's fee.").

[30]*See Brennan v. Global Safety Labs, Inc.*, Case No. 07-CV-0546-CVE-PJC, 2008 WL 2234830, *9 (N.D. Okla. May 29, 2008) ("[W]here sophisticated commercial parties draft an agreement that is essential to the overall transaction, and this agreement includes (1) unambiguous language expressing an intent contrary to arbitration, along with (2) absolutely no reference to arbitration, the Court is inclined to find that narrow arbitration clauses contained in three ancillary agreements do not extend to all disputes related to the subject matter of the acquisition transaction.").